IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

VS.                         CASE NO. 5:21-cr-50002-TLB-1

WILLIAM SCOTT TATUM                                                                                          DEFENDANT

## ORDER

Currently before the Court is the Petition for Action on Conditions of Pretrial Release filed (under Seal) on August 10, 2022. (ECF No. 30). Defendant denies the allegations contained in the Petition. A hearing on the Petition was held by videoconference on September 29, 2022.

Pursuant to 18 U.S.C. § 3148, a person who has been released under § 3142, as Defendant was on November 18, 2021 (ECF No. 18), and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.

Section 3148 further provides that a judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer —

(1) Finds that there is —

    (A) Probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
    (B) Clear and convincing evidence that the person has violated any other condition of release; and

(2) Finds that —

    (A) Based on the factors set forth in § 3142(g), there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; *or*
    (B) The person is unlikely to abide by any condition or combination of conditions of release.

Here, the Petition for Action on Conditions of Pretrial Release alleges one violation: a new law violation stemming from an incident and Defendant's arrest on August 4, 2022, on charges of

Domestic Battery 3rd Degree, Endangering the Welfare of a Minor 3rd Degree, Interference with Emergency Communication, and Terroristic Threatening.

At the hearing, the United States relied on the allegations of the Petition. Defendant's counsel proffered evidence concerning the Defendant's conditional acceptance into the Washington County Drug Court program on the criminal charges that are, in part, the basis for the Petition for Warrant or Summons for Offender Under Supervision. (ECF No. 2).

Considering the allegations of the August 4, 2022, incident, the Court finds probable cause to believe that Defendant has violated a local crime while on pretrial release. The Court makes that finding based on the following:

- Law enforcement's involvement in the incident began when they responded to a 911 hang-up from Defendant's residence. This is consistent with the victim's report that Defendant kept taking the phone away from her and ending the call.
- The responding police officer observed swelling/bruising and some dry blood in the victim's mouth. This is consistent with the victim's report that Defendant punched her several times in the face.

With that finding having been made, the Court must consider an evaluation of the factors set forth in 18 U.S.C. § 3142(g) as to whether there is some condition or combination of conditions of release that will assure that the Defendant will not flee or pose a danger to the safety of any other person or the community, or that the Defendant is unlikely to abide by any condition or combination of conditions of release.

Upon the evidence presented, the Court does not find that Defendant presents an unreasonable flight risk. The Court does find that Defendant presents an ongoing danger to the community (due to his ongoing drug abuse and pending drug charges), and to a specific victim

2

(due to his pending domestic violence charges), but the Court finds that such danger can be adequately addressed by conditions of release. Defendant's conduct has not been fully compliant with the conditions of his pretrial release, but the Court is not convinced, at this point, that it is unlikely that Defendant will abide by any condition or combination of conditions the Court may impose short of detention. Defendant asks for "one more shot" so he may participate in the Washington County Drug Court program. The Court hereby gives him one more opportunity to comply with the conditions of pretrial release, with the added condition that he also comply with all requirements imposed by the Washington County Drug Court program.

Accordingly, and for the reasons stated above, the Petition for Action on Conditions of Pretrial Release (ECF No. 30) is **DENIED**.

IT IS, THEREFORE, ORDERED that Defendant be released from custody on the same terms and conditions of pretrial release set forth in the Court's Order Setting Conditions of Release entered on November 18, 2021 (ECF No. 18), with the following additional condition: Defendant shall comply with all requirements imposed by the Washington County Drug Court.

IT IS SO ORDERED this 30th day of September 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE